UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUBAVITCH OF OLD WESTBURY, INC., et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>INC. VILLAGE OF OLD WESTBURY, NEW YORK.<br><br>                    Defendants. | No. 08-cv-5081 (GRB) (LGD) |

## CONSENT DECREE

This Consent Decree (the "Decree") is Ordered with the consent of Plaintiffs Lubavitch of

Old Westbury, Inc. ("Lubavitch") and Rabbi Aaron Konikov ("Rabbi Konikov") (collectively, the

"Plaintiffs"), and Defendant the Incorporated Village of Old Westbury, New York (the "Village").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter and all parties to this action

pursuant to 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, 42 U.S.C. § 2000cc, and its inherent

equitable authority, and has personal jurisdiction over all parties to the action. Venue is

appropriate, including because all parties reside within this judicial district, the substantial parts of

the acts and omissions at issue between the parties occurred within it, and the property that is a

subject of the action is within it. 28 U.S.C. § 1391.

## MATERIAL BACKGROUND AND JUDICIAL DETERMINATIONS

2.      This civil action commenced with a complaint filed by Lubavitch of Old Westbury,

Inc. and Rabbi Aaron Konikov on December 17, 2008. Doc. 1.

3.      The Second Amended Complaint ("SAC"), which is the operative complaint, was filed with the Court on October 20, 2021 [Doc. 110] and states causes of action against the Village under 42 U.S.C. § 1983 and the Constitution and laws of the United States, including the First Amendment and Fourteenth Amendment to the Constitution, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, and for retaliation. Doc. 196.

4.      Full and extensive fact and expert discovery concluded on February 28, 2025.

5.      The Plaintiffs sought leave from the Court to move for partial summary judgment finding facially unconstitutional a "Places of Worship Law" (Local Law 4 of 2001) (the "POW Law") adopted by the Village in March 2001 to regulate religious land use development applications and corresponding uses within the Village. Doc. 234. The Village sought leave from the Court to move for summary judgment on all claims in the SAC. Doc. 232. The parties completed full briefing on the cross motions on August 8, 2025. Docs. 248-251.

6.      The Court by Memorandum of Law and Order dated October 30, 2025 granted the Plaintiffs' motion for partial summary judgment. Doc. 252. The Court denied the Village's motion for summary judgment. *Id.* The Court's determinations in granting partial summary judgment to the Plaintiffs included the declaration that the POW Law was facially invalid under the United States Constitution. *Id.*, pg. 3, ¶1. The determinations of law and fact in the Memorandum of Law and Order dated October 30, 2025 are incorporated into this Consent Decree with this reference.

7.      The Court held extensive settlement conferences with all parties and counsel on December 3, 2025, and January 27, 2026.

### AGREEMENTS AND DETERMINATIONS RESOLVING THIS ACTION

8.      The Lubavitch, Rabbi Konikov, and the Village each has agreed to the following:

2

a. By no later than April 15, 2026, the Village shall cause to be paid by its insurance companies to the Plaintiffs an agreed amount of $19,000,000, the monetary amount agreed to by the parties during the settlement conference before the Court on January 27, 2026, payable exclusively from insurance proceeds and not from the Village.

b. Upon the execution of this Consent Decree by undersigned counsel on their behalf, the Plaintiffs delivered to Defendant's counsel a fully executed release agreement, inclusive of a general release, attached at Exhibit A.

c. Upon the acceptance of this Consent Decree by the Court, the parties shall execute and the Court shall "So Order" a stipulation of dismissal with prejudice in the form attached as Exhibit B.

d. The Village agrees to an aggregate cubic foot volume development allowance for the Lubavitch's adjoining real property at 267 Glen Cove Road and its involved lots, 153 Bacon Road, 155 Bacon Road, and 165 Bacon Road, and designated on the Land and Tax Map of the County of Nassau as Section 19, Block E, Lots 73, 91, 452, 1994, 1995, 1115, and 2000 (collectively, the "Lubavitch Property"), of the proportionate cubic foot volume variances granted by the Village to Old Westbury Hebrew Congregation ("OWHC"), located at 21 Old Westbury Road, Old Westbury, New York 11568, and designated on the Land and Tax Map of the County of Nassau as Section 10, Block C, Lots 1237 and 1240, by Village resolutions adopted and dated March 18, 2002, May 20 , 2019, and December 20, 2021, consistent with the Village's customary cubic foot volume calculation methodology.

e.  The Lubavitch will submit to the Village an application for a special use permit, including a site plan and other customarily required materials, for the development and use of the Lubavitch Property ("Special Use Permit Application"). The Special Use Permit Application will generally reflect the land use concepts included in a VHB Conceptual Site Plan (the "Conceptual Plan"), attached as Exhibit C. The Conceptual Plan has not been formally submitted to the Village as part of any land use application, and the Village has not approved the Conceptual Plan. The Lubavitch will make its Special Use Permit Application no later than nine (9) months from April 15, 2026. As and if appropriate, the Special Use Permit Application may include and rely upon prior submissions from the Lubavitch to the Village and as authorized by applicable New York State Environmental Quality Review Act ("SEQRA") regulations, and the submissions of other applicants. The POW Law, which the Court declared facially unconstitutional and invalid, may not be applied. The Village will prioritize review of the Special Use Permit Application and comment fully on it so that it, together with all related materials for an environmental review, may be submitted to the Village Board of Trustees (the "Board") for an appropriate Determination of Significance in accordance with SEQRA.

f.  The Lubavitch anticipates that the exterior architecture of the Chabad building indicated in Exhibit C generally will be consistent with buildings developed for other religious uses and secular places of assembly in the Village and will include architecture reflective and expressive of Lubavitch beliefs and Jewish

4

custom for the exterior appearance of religious buildings. Consistent with applicable law, the Village will consider the architecture to be proposed.

g. The Board shall possess, exercise, and retain plenary jurisdiction within the Village with respect to the review, consideration, and final determination of the Special Use Permit Application, unless the Lubavitch consents to its reassignment.

h. The Village will assign Peter Cinquemani, or some other mutually agreeable inspector, to serve as the Village's Building Inspector regarding any development of the Lubavitch Property authorized by any special use permit.

i. The Plaintiffs acknowledge that the existing Village Code pertaining to consultant, planning and engineering, and attorney fees obligate an applicant such as the Lubavitch to reimburse to the Village the fees incurred by the Village in the review, assessment, and determination of a land use development application. The Plaintiffs similarly acknowledge that a construction bond issued by a carrier of its choice that is licensed by New York State must be posted prior to development authorized by a special use permit.

j. Village Code provisions pertaining to noise will be applicable to use of the Lubavitch Property, consistent with the Village Code and existing noise limitation and regulation standards applied by the Village to OWHC and comparable secular uses such as Old Westbury Gardens, Old Westbury Country Club, and Glen Oaks Club. Any special use permit issued may contain renewal and event notice terms consistent with those applied to OWHC and other religious and comparable secular assemblies in the Village.

k.  The Lubavitch may apply for a permit to build a residence at 155 Bacon Road as of right, consistent with applicable Village zoning, including a shared driveway with 165 Bacon Road and the reasonable widening and extension of that driveway for use by the new residence.

l.  Plaintiffs and the Village agree that Peter Cinquemani, or some other mutually agreeable inspector, will inspect the Mikvah completed on the Lubavitch Property in 2019 to determine what measures, if any, need to be taken to have the Mikvah comply with all applicable fire safety codes, and any applicable amendments thereto.  The inspection will be scheduled in advance and attendees in addition to the applicant may include a fire safety officer engaged by the Lubavitch.

m.  The Lubavitch and the Village will comply with all applicable United States, New York State, Nassau County, and Village laws and regulations applicable to the Special Use Permit Application, its consideration and determination, and in the regulation, development, and operation of the Lubavitch Property.

n.  The Lubavitch and the Village will act to make as efficient as possible and minimize expense, delay, and disruption to the evaluation and determination of the Special Use Permit Application relating to or connected with Nassau County Department of Public Works and Nassau County Health Department jurisdiction and authority as it affects the Lubavitch Property and its development and use.

9.  The Court retains jurisdiction to enforce the terms of this Consent Decree.

10.     If any party is served with judicial or regulatory process, or receives a demand relating to this Consent Decree, it or he promptly will notify the Village Attorney for the Village and Rabbi Konikov for the Plaintiffs, in writing, and provide with that notice a copy of any writing related to the process or demand received.

11.     This Consent Decree constitutes the entire and complete understanding and agreement among the parties hereto concerning the matters set forth herein, and there are no understandings and agreements, oral or otherwise, that are not reflected herein.  This Consent Decree may not be modified, changed or amended except in writing signed by each of the parties and approved by the Court.  Each party participated fully in the negotiation and drafting of the terms of this Decree, and any ambiguity shall not be construed against any party.

**SO ORDERED.**

Dated: ___3/18/2026___

/s/ Gary R. Brown
_____
Hon. Gary R. Brown
United States District Judge

Dated: _MARCH 19, 2026_

For Plaintiffs Lubavitch of Old Westbury, Inc., and Rabbi Aaron Konikov

_____
Eric M. Robinson
Michael A. Cedrone (*pro hac vice*)

Stevens & Lee, P.C.
485 Madison Avenue, 20th Floor
New York, New York 10022
(212) 319-8505

eric.robinson@stevenslee.com
michael.cedrone@stevenslee.com

*Attorneys for Plaintiffs*

7

For Defendant Incorporated Village of Old Westbury, New York

_Mark J. Lesko_

Mark J. Lesko

La Pinta Lesko & Miskiewicz, P.C.
200 Vanderbilt Motor Parkway
Suite C-17
Hauppauge, New York 11788
(631) 231-1199

mlesko@lapintalesko.com

Joseph L. Clasen
John F.X. Peloso, Jr.

Robinson & Cole LLP
1055 Washington Blvd.
Stamford, Connecticut 06901
(203) 462-7500

jclasen@rc.com
jpeloso@rc.com

*Attorneys for Defendant*

8

Exhibit A

# 𝔗𝔬 𝔞𝔩𝔩 𝔱𝔬 𝔴𝔥𝔬𝔪 𝔱𝔥𝔢𝔰𝔢 𝔓𝔯𝔢𝔰𝔢𝔫𝔱𝔰 𝔰𝔥𝔞𝔩𝔩 𝔠𝔬𝔪𝔢 𝔬𝔯 𝔪𝔞𝔶 ℭ𝔬𝔫𝔠𝔢𝔯𝔫, 𝔎𝔫𝔬𝔴 𝔗𝔥𝔞𝔱

Lubavitch of Old Westbury, Inc., a not for profit corporation organized under the laws of the State of New York, as RELEASOR, for good and valuable consideration received from The Incorporated Village of Old Westbury, as RELEASEE, the receipt whereof is hereby acknowledged, releases and discharges the RELEASEE, RELEASEE's present, former and future officers, trustees, directors, successors, assigns, employees, insurers, agents, attorneys and representatives from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, and RELEASOR's present, former and future officers, directors, successors, assigns, trustees, members, employees, agents, attorneys and representatives ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE is void if the performance specified in paragraph 8(a) of the Consent Decree consented to by the RELEASOR and RELEASEE in *Lubavitch of Old Westbury, et al. v. Inc. Village of Old Westbury*, U.S. District Court, Eastern District of New York, No. 08-cv-5081 (GRB)(LGD) on March 17, 2026 is not fully and timely completed, or if the Court declines to So Order paragraph 8(a) within any Consent Decree So Ordered by it.

This RELEASE may not be changed orally.

**𝔍𝔫 𝔚𝔦𝔱𝔫𝔢𝔰𝔰 𝔚𝔥𝔢𝔯𝔢𝔬𝔣**, the RELEASOR has caused this RELEASE to be executed by its duly authorized officers and its corporate seal to be hereunto affixed on

**𝔍𝔫 𝔓𝔯𝔢𝔰𝔢𝔫𝔠𝔢 𝔬𝔣**                    _____

By: _____

34104006-v2

# 𝕿o all to whom these 𝕻resents shall come or may 𝕮oncern, 𝕶now 𝕿hat

Rabbi Aaron Konikov, as RELEASOR, for good and valuable consideration received from The Incorporated Village of Old Westbury, as RELEASEE, the receipt whereof is hereby acknowledged, releases and discharges the RELEASEE, RELEASEE's present, former and future officers, trustees, directors, successors, assigns, employees, insurers, agents, attorneys and representatives from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, and RELEASOR's successors, assigns, agents, attorneys and representatives ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE is void if the performance specified in paragraph 8(a) of the Consent Decree consented to by the RELEASOR and RELEASEE in *Lubavitch of Old Westbury, et al. v. Inc. Village of Old Westbury*, U.S. District Court, Eastern District of New York, No. 08-cv-5081 (GRB)(LGD) on March 17, 2026 is not fully and timely completed, or if the Court declines to So Order paragraph 8(a) within any Consent Decree So Ordered by it.

This RELEASE may not be changed orally.

**In 𝖂itness 𝖂hereof**, the RELEASOR has caused this RELEASE to be executed by its duly authorized officers and its corporate seal to be hereunto affixed on

**In 𝕻resence of**

_____

By: _____

34107404-v1

STATE OF NEW YORK            )

NASSAU COUNTY               )

On this _____ day of March, 2026, before me came Aaron Konikov, being duly sworn, did depose   and   say   that   he   resides   at   _____,   and   that   he   is   the _____ of Lubavitch of Old Westbury, Inc., the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by the order of the board of said corporation, and that he signed his name thereto by like order.

_____

Notary Public

STATE OF NEW YORK

COUNTY OF NASSAU:                              ss

On March ___, 2026 before me, the undersigned, personally appeared and personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LUBAVITCH OF OLD WESTBURY, INC. :
and RABBI AARON KONIKOV,                :
                                                    :
                    Plaintiffs,         :
                                                    :                08-CV-5081(GRB)(LGD)
         -against-                      :
                                                    :
INCORPORATED VILLAGE OF OLD      :
WESTBURY, NEW YORK,                  :
                                                    :
                    Defendant.          :
-------------------------------------------------------x

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED by and between Plaintiffs Lubavitch of Old Westbury, Inc. and Rabbi Aaron Konikov and Defendant, The Incorporated Village of Old Westbury, New York, that the above-captioned action shall be dismissed, in its entirety, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with prejudice, with each party to bear its own costs and fees.

Dated: March __, 2026

**PLAINTIFFS**                                              **DEFENDANT**

By its attorneys,                                            By its attorneys,

_____                      _____
Eric M. Robinson                                        Mark J. Lesko
Stevens & Lee, P.C.                                    LaPinta Lesko & Miskiewicz, P.C.
485 Madison Avenue, 20th Floor             200 Vanderbilt Motor Parkway
New York, NY 10022                                 Suite C-17
Tel: 212-319-8500                                     Hauppauge, NY 11788
Fax: 212-319-8505                                     Tel: 631-682-9666
eric.robinson@stevenslee.com                mlesko@lapintalesko.com

34051311-v1

_____

Joseph L. Clasen
John F.X. Peloso, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th Floor
New York, NY 10017
Tel: 212-451-2900
Fax: 212-451-2999
jclasen@rc.com
jpeloso@rc.com

Exhibit C

